**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4145

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

BRUCE HENRY SMITH,

    Defendant - Appellant.

No. 23-4147

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

BRUCE HENRY SMITH,

    Defendant - Appellant.

Appeals from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:20-cr-00081-TSK-MJA-1; 1:22-cr-00049-TSK-MJA-1)

Submitted:  August 24, 2023                Decided:  August 28, 2023

Before QUATTLEBAUM and HEYTENS, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Katy J. Cimino, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant. Brandon Scott Flower, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bruce Henry Smith appeals his convictions and the 30-month sentence imposed following his guilty pleas, pursuant to a written plea agreement, to three counts of misusing a social security account number, in violation of 42 U.S.C. § 408(a)(7)(B); making a false statement in an application for a passport, in violation of 18 U.S.C. § 1542; and failing to appear, in violation of 18 U.S.C. § 3146(a)(1), (b)(1)(A)(ii).  Smith's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether Smith's guilty pleas are valid. Although he was informed of his right to file a pro se supplemental brief, Smith has not done so.  The Government has declined to file a response brief or to move to enforce the appeal waiver contained in Smith's plea agreement.  Finding no error, we affirm.

Because Smith did not move to withdraw his guilty pleas in the district court, we review the validity of his pleas for plain error.  *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016).  "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted).  In the guilty plea context, a defendant establishes that an error affected his substantial rights by demonstrating "a reasonable probability that, but for the error, he would not have entered the plea."  *United States v. Davila*, 569 U.S. 597, 608 (2013) (internal quotation marks omitted).

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines the defendant understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the applicable maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Our review of the plea colloquy confirms that the magistrate judge[*] fully complied with the requirements of Rule 11 and properly concluded that Smith's pleas were knowing, voluntary, and supported by an adequate factual basis. We therefore find that Smith's pleas are valid.

In accordance with *Anders*, we have reviewed the entire record in these cases and have found no meritorious grounds for appeal. We therefore affirm the district court's judgments. This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith.

---

[*] Smith consented to proceed before the magistrate judge for purposes of the Rule 11 hearing.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*